**Joginder SINGH, Petitioner,**

v.

**Michael B. MUKASEY,\* Attorney General, Respondent.**

**No. 04–72180.**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 3, 2007 \*\*.

Filed Dec. 10, 2007.

Richard E. Oriakhi, Esq., Roman & Singh, LLP, Fremont, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Donald A. Couvillon, Esq., DOJ—U.S. De-

partment of Justice Civil Div./Office of Immigration Lit., David B. Edwards, Washington, DC, U.S. Department Of Justice Civil Division c/o FDIC, Dallas, TX, for Respondent.

Before: GOODWIN, WALLACE, and FISHER, Circuit Judges.

MEMORANDUM \*\*\*

Joginder Singh petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal of the Immigration Judge's ("IJ") denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").[1] We lack jurisdiction to review the IJ's determination that Singh is statutorily ineligible for asylum based on the one-year time bar. *See* 8 U.S.C. § 1158(a)(2)(B); *Ramadan v. Gonzales,* 479 F.3d 646, 650 (9th Cir.2007) (per curiam). We have jurisdiction under 8 U.S.C. § 1252 over Singh's remaining claims. *See Shire v. Ashcroft,* 388 F.3d 1288, 1294 (9th Cir.2004). Because the BIA incorporated portions of the IJ's conclusions, we review both the BIA's and IJ's decisions. *See Kalubi v. Ashcroft,* 364 F.3d 1134, 1137 n. 3 (9th Cir.2004). We review for substantial evidence the BIA's and IJ's adverse credibility determinations, *Cordon–Garcia v. INS,* 204 F.3d

---

\* Michael B. Mukasey, Attorney General of the United States, is substituted for his predecessor, Alberto R. Gonzales, Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, *adopted* Dec. 10, 1984, Treaty Doc. No. 100–200, 1465 U.N.T.S. 85. The Convention Against Torture is implemented at 8 C.F.R. § 208.18.

985, 990 (9th Cir.2000), and we deny the petition.

Substantial evidence supports the BIA's and IJ's adverse credibility determinations based on Singh's inconsistent, implausible, and imprecise testimony. *See Singh v. Ashcroft,* 367 F.3d 1139, 1143 (9th Cir. 2004); *Chebchoub v. INS,* 257 F.3d 1038, 1043 (9th Cir.2001); *Singh–Kaur v. INS,* 183 F.3d 1147, 1152–53 (9th Cir.1999); *see also Fisher v. INS,* 79 F.3d 955, 960 (9th Cir.1996) (en banc). Additionally, the IJ properly relied on the Department of State Country Conditions report as supplemental evidence contradicting Singh's claim of persecution of Sikhs in India. *See Chebchoub,* 257 F.3d at 1044.

Because Singh was not credible, he fails to demonstrate eligibility for withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003). No additional credible evidence indicates that it is more probable than not that he will be tortured if returned to India. *Almaghzar v. Gonzales,* 457 F.3d 915, 921–23 (9th Cir.2006), *cert. denied,* — U.S. ——, 127 S.Ct. 1839, 167 L.Ed.2d 323 (2007); *Farah,* 348 F.3d at 1157.

**PETITION DENIED.**